IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SPARTAN FIRE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-CV-358-MTS |
| | ) |
| BRIAN WHITED, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is the Joint Motion to Dismiss filed by Defendants Brian Whited, Garden Depot, LLC, and Hays Printworks, LLC ("Defendants"), wherein they seek dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. (Docket No. 57). For the reasons discussed herein, the Court hereby **GRANTS** Defendants' Joint Motion to Dismiss.

**Background and Procedural History**

Plaintiff Spartan Fire, LLC ("Plaintiff") commenced this action in Washington County District Court on June 28, 2024, alleging claims of fraud and negligence related to a wire transfer associated with a purchase of equipment. (Docket Nos. 1-1 at 2; 51 at 1). In the Complaint,[1] Plaintiff brought several claims for relief against Defendants and Truist Financial Corporation, including: (1) fraud; (2) negligence; (3) wire fraud; (4) breach of contract; (5) conversion; (6) unjust enrichment; and (7) bank fraud. (Docket No. 1-1 at 3-8).

On July 29, 2024, Truist Financial Corporation removed the case to the Northern District of Oklahoma. (Docket No. 1). On November 21, 2024, United States District Judge Gregory K. Frizzell dismissed without prejudice Truist Financial Corporation and added Truist Bank as a

---

[1] The Court refers to the Petition filed in state court as the Complaint herein.

defendant. (Docket No. 32). Judge Frizzell then granted Truist Bank's motion to dismiss on December 11, 2024, thereby dismissing without prejudice Plaintiff's negligence claim against Truist Bank. (Docket Nos. 10, 33). He further dismissed Plaintiff's claims against Defendant Hays Printworks, LLC, for conversion and bank fraud. (Docket Nos. 27, 36).

On December 13, 2024, Plaintiff filed its first Motion to Join Additional Party. (Docket No. 38). The parties then consented to the jurisdiction of a magistrate judge, and the case was reassigned to the undersigned on January 30, 2025. (Docket No. 45). This Court then set the matter for an in-person scheduling conference on February 10, 2025. (Docket No. 46). Plaintiff's counsel failed to appear for the conference or notify the Court that he would not appear. (Docket No. 47). In response, the Court set a show cause hearing for February 11, 2025, requiring Plaintiff's counsel to appear in person "to explain why he should not be subject to sanctions under Fed. R. Civ. P. 16(f)." (Docket No. 48). Plaintiff's counsel appeared for the show cause hearing. (Docket No. 49). Ultimately, the Court determined Plaintiff's counsel showed good cause for his failure to appear and imposed no sanction. *Id.* However, the Court warned counsel that had he failed to appear, the case would have been dismissed. He was further directed to follow the Court's orders and rules in the future.

On February 11, 2025, the Court denied Plaintiff's Motion to Join Additional Party without prejudice to refiling for failure to comply with the Court's local rules. (Docket No. 50). On February 25, 2025, Plaintiff filed an Unopposed Motion to Join Additional Party, seeking to join an additional defendant pursuant to Federal Rules of Civil Procedure 19(a)(1) or 20(a)(2). (Docket No. 51). The Court granted the motion on May 9, 2025, finding joinder of the additional defendant was proper and allowing Plaintiff to file an amended complaint by May 19, 2025. (Docket No. 54). When Plaintiff failed to file an amended complaint, the Court set the matter for another

scheduling conference on May 30, 2025.  (Docket No. 55).  The Court's order warned Plaintiff's counsel that his failure to appear "may result in the imposition of sanctions under Fed. R. Civ. P. 16(f)."  *Id.*  Plaintiff's counsel failed to appear at the scheduling conference.  (Docket No. 56).

On July 17, 2025, Defendants filed their Joint Motion to Dismiss.  (Docket No. 57).  Plaintiff failed to respond to the motion.  Defendants' motion is now ripe for decision.

## **Legal Standard**

"The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing to appear at a pretrial or scheduling conference . . . and for failing to comply with court rules or any order of the court."  *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002), citing Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(A); and Fed. R. Civ. P. 41(b).  Federal Rule of Civil Procedure 41(b) provides: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  Moreover, Federal Rule of Civil Procedure 16(f) affords that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference; or . . . fails to obey a scheduling order or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(A), (C).  Rule 37(b)(2)(A)(ii)-(vii) allows for court orders "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

Before imposing a dismissal sanction, a court must consider certain factors, including "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations and quotations omitted); *see also Gripe*, 312 F.3d at 1188 (finding the *Ehrenhaus* factors apply to dismissal as a sanction under Rules 16(f)(1), 37(b)(2)(A), and 41(b)). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007), quoting *Ehrenhaus*, 965 F.2d at 921. Thus, "[i]t is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus*, 965 F.3d at 918.

## Discussion

Although the Court is cognizant that dismissal of a case with prejudice is a strong sanction to impose, consideration of the *Ehrenhaus* factors supports dismissal of Plaintiff's case under both Rules 41(b) and 16(f)(1).

### 1. Degree of Actual Prejudice to Defendants

The actions by Plaintiff's counsel in this case have prejudiced Defendants. Counsel failed to appear for a scheduling conference on February 10, 2025, and failed to appear for a second scheduling conference on May 30, 2025. (Docket Nos. 47, 56). Defendants' counsel appeared at both scheduling conferences. *Id.* Plaintiff's counsel then failed to respond to Defendants' motion to dismiss. Although the Court never entered a scheduling order in the case, it finds the failures to appear and inaction by Plaintiff's counsel have not only impeded the judicial process overall but

4

required unnecessary expenditure of Defendants' time and financial resources. Counsel has prejudiced Defendants' ability to defend the action by failing to actively pursue Plaintiff's case or engage in timely litigation practice. Accordingly, the Court finds the first *Ehrenhaus* factor weighs in favor of dismissal of this action with prejudice.

    2. **Interference with the Judicial Process**

Plaintiff's counsel has repeatedly interfered with the judicial process. He has failed to comply with the Court's orders, including his failure to appear for two court-ordered scheduling conferences. Without explanation, Plaintiff's counsel failed to appear for a scheduling conference on February 10, 2025. (Docket No. 47). The Court set a show cause hearing related to counsel's non-appearance for February 11, 2025. (Docket No. 48). Counsel appeared, explaining he had failed to calendar the scheduling conference. (Docket No. 49). Although the Court accepted counsel's explanation, it advised him of its expectation that he follow the Court's orders and rules and otherwise communicate if a problem arises. *Id.*

Moreover, after the Court granted Plaintiff's motion to join an additional party, Plaintiff's counsel never filed an amended complaint naming the additional party. (Docket No. 54). This prompted the Court to set a second scheduling conference for May 30, 2025. (Docket No. 55). Plaintiff's counsel then failed to appear for the second scheduling conference without any explanation to the Court. (Docket No. 56). Further, Plaintiff's counsel never responded to Defendants' motion to dismiss. Accordingly, the Court finds the second *Ehrenhaus* factor weighs in favor of dismissal of Plaintiff's case with prejudice. Counsel's failure to respond and follow court orders on more than one occasion demonstrates a pattern of conduct that has repeatedly impeded the judicial process.

3. **Culpability of the Litigant**

Although there is no indication in the record of what Plaintiff knew of its counsel's failures to appear or follow court orders and rules, dismissal of Plaintiff's case with prejudice is still an appropriate sanction. The Tenth Circuit addressed a litigant's culpability in *Gripe*, finding that dismissal of a case with prejudice does not unjustly penalize a client for his counsel's mistakes because "[t]hose who act through agents are customarily bound by their agents' mistakes." 312 F.3d at 1189. In reaching its conclusion, the court relied upon the United States Supreme Court's decision in *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). *Id.* *Link* addressed a district court's dismissal of an action for failure to prosecute based upon counsel's failure to appear at a pretrial conference and other delays in the case. 370 U.S. at 633-35. The Court found "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client" because he "voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Id.* at 633-34. Accordingly, the Court finds the culpability factor tips in favor of dismissal with prejudice.

4. **Warnings to Plaintiff's Counsel**

The Court first warned counsel of the possibility that Plaintiff's claims against Defendants could be dismissed on February 10, 2025, when the Court entered a minute order setting a show cause hearing related to counsel's failure to appear for the court-ordered scheduling conference. (Docket No. 48). The Court advised counsel that he "should be prepared to explain why he should not be subject to sanctions under Fed. R. Civ. P. 16(f)." *Id.* At the show cause hearing, the Court advised counsel that if he had failed to appear for the show cause hearing, the Court would have dismissed Plaintiff's case under Rule 16. (Docket No. 49). The Court detailed its expectations of

counsel, advising him to comply with the Court's orders and rules and clearly communicate with the Court.  Plaintiff's counsel indicated that the Court's directive was "understood." *Id.*  When the Court set the second scheduling conference, it again reiterated that the "[f]ailure to appear may result in the imposition of sanctions under Fed. R. Civ. P. 16(f)." (Docket No. 55).  Plaintiff's counsel did not appear for the second scheduling conference, nor did he respond to Defendants' motion to dismiss.  Thus, the Court finds counsel was adequately warned Plaintiff's case could be dismissed, and this factor weighs in favor of dismissal with prejudice.

5. **Efficacy of Lesser Sanctions**

Plaintiff's counsel repeatedly ignored the Court's orders warning him that his failure to appear and comply with the Court's orders could result in dismissal of Plaintiff's case. (*See* Docket Nos. 48, 55).  Furthermore, despite a directive from the Court during the show cause hearing, which counsel indicated was "understood," he failed to appear for the second scheduling conference without explanation.  He then failed to respond to Defendants' motion to dismiss.  Thus, the Court finds this factor also weighs in favor of dismissal with prejudice.

## Conclusion

For the reasons discussed herein, Defendants' Joint Motion to Dismiss (Docket No. 57) is hereby **GRANTED**.  This action is therefore **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 16(f)(1).  Additionally, the Court declines to award reasonable expenses or attorney fees in this matter.

**IT IS SO ORDERED** this 18th day of August, 2025.

MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT